Common Pleas Court of Hamilton County.

RICHARD RENNER V. MARY MELISSA BEAVER, ET AL.

Decided April 20, 1933.

*Joseph Hoodin,* for plaintiff.
*Hauer, Topmoeller & Arnold,* for defendants.

MATTHEWS, J.

The property which is the subject matter of this action having been sold, the cause now comes before the court for final hearing on the issues raised by the pleadings as to the priority of the various liens. The decision of this question depends upon whether the plaintiff is entitled to be subrogated to the rights of the Central Trust Company, whose mortgage was paid with money loaned to the mortgagor by the plaintiff. Evidence was introduced from which the court as the trier of the facts finds that when the plaintiff loaned the money all the parties understood that the mortgage which he then took to secure its repayment was to be a first lien on the property other than the taxes. The subject of the title was discussed, the title examination re-

ferred to showed that the mortgage of the Central Trust Company was a first lien and the plaintiff's money was to be used to pay it, that mortgage was to be cancelled and a mortgage to the plaintiff given. From all that was said and done the court draws the inference of fact that there was an agreement that the plaintiff's mortgage was to occupy the same position of priority as that of the Central Trust Company.

Such being the conclusion as to the fact, I think it clear that as against the judgment creditor whose lien is subsequent in time and subordinate in order of priority to the mortgage of the Central Trust Company, the plaintiff is entitled to be subrogated to the right of the Central Trust Company, and paid in preference to the judgment creditor, notwithstanding the judgment lien is prior in time to the mortgage given to the plaintiff at the time he loaned the money with which the Central Trust Company mortgage was paid. This conclusion is based upon the following cases: *East End Bldg. Ass'n.* v. *Methodist Book Concern,* 9 Ohio App. 213; *Straman* v. *Rechtine,* 58 Ohio St., 443; *Amick* v. *Woodward,* 58 Ohio St., 86.

These cases follow the general rule which is stated in 25 R. C. L., p. 1339, as follows:

"So where money is advanced to a debtor in pursuance of an express agreement that it is to be used to retire existing liens or incumbrances on his property, and that the creditor who loans the money is to have a first lien upon the property to secure its repayment, such creditor must be subrogated to the rights of the incumbrancer or lienor whose debt has been paid, not only as against the borrower, but as against any one else who subsequently acquires an interest in the property with knowledge of the circumstances under which the money to pay off the incumbrances or liens was advanced. And if money is advanced to a debtor to discharge an existing first mortgage upon his property and in pursuance of an agreement that the lender is to have a first lien upon the property for the repayment of the sum loaned, the lender is entitled, as against a junior incumbrancer, to be treated as the assignee of the first mortgage, which has been paid off and discharged with the money loaned, whenever it becomes necessary to do so to effectuate the agreement with the lender, and to prevent the junior incumbrance from being raised accidentally

to the dignity of a first lien, contrary to the intention of the parties. This is a just and reasonable rule. It effects the intention of the parties, preserves to the payor the benefit of his payment, leaves the inferior lienor in his former position, inflicts no injury upon him, prevents injury to the payor through mistake or ignorance of the inferior lien, and works exact justice to all. The law is also well settled that where one loans money to another upon an agreement that it is to be used to pay off an existing mortgage on property, and that a new mortgage is to be executed to the lender thereof, the lender is entitled to subrogation to the rights of the prior mortgagee in case the borrower fails or refuses to execute the new mortgage."

The court therefore finds that the plaintiffs lien is prior and preferable to the judgment lien of the defendant, Anthony L. Bang.